UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SCOTT BENTLEY,

    Petitioner,

v.

FREDEANE ARTIS,

    Respondent.

Case No. 22-10379
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY**

    When Matthew Scott Bentley was 14 years old, he shot and killed a woman during a home invasion. The following year, a Michigan jury convicted him of first-degree felony murder, first-degree home invasion, and possession of a firearm during the commission of a felony. He was sentenced to life in prison without the possibility of parole, as required for first-degree felony murder convictions under Michigan law at the time.

    Nineteen years later, Bentley was resentenced after mandatory life-without-parole sentences were held unconstitutional for juvenile offenders in *Miller v. Alabama*, 567 U.S. 460, 465 (2012). Following the resentencing, the trial court made a clerical error in filling out the amended judgment. When brought to its attention, the court subsequently corrected the error *sua sponte*, i.e., without a hearing.

Bentley asserts that this violated his due process rights, entitling him to a writ of habeas corpus under 28 U.S.C. § 2254. But the Michigan Court of Appeals reasonably found otherwise. Thus, Bentley's petition is DENIED.

## I.

"The facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016). Those are as follows:

> On September 2, 1997, when he was 14 years old, defendant broke into several residences in Bad Axe, Michigan, one of which belonged to the victim and her husband. Defendant discovered and obtained a firearm that the victim's husband kept in the house. While defendant was attempting to steal money from a drawer, the victim approached him. Defendant shot her with the firearm and fled the house. The victim subsequently died of the gunshot wound. A jury found defendant guilty of all charges, including first-degree felony murder, and the trial court sentenced defendant to a mandatory prison term of life without the possibility of parole.

*People v. Bentley*, No. 340582, 2019 WL 2146232, at *1 (Mich. Ct. App. May 16, 2019); (per curiam), *appeal denied*, 953 N.W.2d 384 (Mich. 2021) (mem.). Bentley was also sentenced to a concurrent term of 12 to 20 years for the home-invasion conviction, and a mandatory consecutive two years for the felony-firearm conviction to be served prior to the start of the other sentences. (ECF No. 1, PageID.2; ECF No. 6, PageID.64; ECF No. 7-13, PageID.1400); *see* Mich. Comp. Laws §§ 750.110a(2), 750.227b(3), 750.316(1)(b). Bentley's convictions were affirmed on direct appeal. *Bentley, supra.*

Soon after, Bentley filed a federal habeas petition in the Western District of Michigan, challenging his convictions and raising claims not raised in his present petition. The district court denied the writ and declined to issue a certificate of

2

appealability, and the Sixth Circuit likewise denied Bentley's COA application. *See Bentley v. McKee*, No. 02-391 (W.D. Mich. filed May 30, 2002), *available on that docket at* (ECF Nos. 42, 45, 46), *cert. denied*, 547 U.S. 1058 (2006) (mem.).

Then, over a decade after Bentley's conviction and sentencing, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012). *Miller* held that mandatory sentences of life imprisonment without the possibility of parole are unconstitutional for defendants like Bentley who were under 18 when they committed the crime for which they were sentenced. *Id.* at 465. The Supreme Court subsequently ruled that *Miller* applied retroactively. *Montgomery v. Louisiana*, 577 U.S. 190, 209 (2016). The Michigan legislature responded accordingly and established a resentencing procedure for defendants to whom *Miller* applied. *See* Mich. Comp. Laws § 769.25a. The statutory scheme provided that if the prosecutor did not file a motion to seek a sentence of life without parole with respect to a particular defendant, "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." Mich. Comp. Laws § 769.25a(4)(a).

Based on *Miller* and pursuant to this Michigan law, Bentley was resentenced on September 25, 2017. (ECF No. 7-15). The prosecutor did not file a motion requesting a life sentence without the possibility of parole and, ultimately, the Michigan state court imposed a sentence of 32 to 60 years' imprisonment on the murder conviction. (*Id.* at PageID.1456); *Bentley*, 2019 WL 2146232, at *1. It did not disturb the other two sentences. (ECF No. 7-15, PageID.1456.)

3

Following the resentencing, the court prepared an amended judgment that contained the following information:

| Count | SENTENCE DATE | MINIMUM Years | Mos. | Days | MAXIMUM Years | Mos. | Days | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8/31/98 | 12 | | | 20 | | | 8/31/98 | | 0 | |
| 2 | 9/25/17 | 32 | - | | 60 | | | 9/25/17 | 216 | 29 | |
| 3 | 8/31/98 | 2 | | | | | | 8/31/98 | | 350 | |

☐ 9. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrent.)
☐ each other.  ☐ case numbers

(ECF No. 1, PageID.18.) As can be seen, paragraph 8 set forth the new 32-to-60-year sentence for count 2—the first-degree murder conviction—and the prior, unchanged sentences for counts 1 and 3—12 to 20 years for the home invasion and two years for the felony-firearm. (*Id.*) The court neglected, however, to check the box in paragraph 9 for identifying the murder and home invasion sentences as concurrent to one another and consecutive to the mandatory two-year felony-firearm conviction. (*Id.*)

A few weeks later, on October 11, 2017, the Michigan Department of Corrections sent a letter to the sentencing judge advising of this error. (*Id.* at PageID.19.) The letter set forth MDOC's understanding that, pursuant to Michigan Compiled Laws § 750.227b(3), a felony firearm conviction "requires consecutive sentencing, which is how the original sentencing had been interpreted and calculated back in 1998." (*Id.*) The letter then stated:

> The sentences were originally calculated with Ct 1 and 2 being served *concurrently* to each other and consecutive to Ct 3 (Felony Firearm) back in 1998. This sentencing calculation is still accurate today, however, we now ask that this actual language be specifically added on the Judgment to override the "standard concurrent language" that now exists in Box #9 if the box is not checked."

4

(*Id.*) In response, the sentencing judge *sua sponte* issued another amended judgment on October 24, 2017, that corrected this error. More specifically, it included the previously omitted language for paragraph 9:

```
8. The defendant is sentenced to custody of the Michigan Department of Corrections. This
   sentence shall be executed immediately.
```

| Count | SENTENCE DATE | MINIMUM Years | Mos. | Days | MAXIMUM Years | Mos. | Days | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8/31/98 | 12 | | | 20 | | | 8/31/98 | | 0 | |
| 2 | 9/25/17 | 32 | | | 60 | | | 9/25/17 | 216 | 29 | |
| 3 | 8/31/98 | 2 | | | | | | 8/31/98 | | 350 | |

☒ 9. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrent.)
☐ each other.   ☒ case numbers COUNTS 1&2 CONCURRENT; CT 3 CONSECUTIVE.

(*Id.* at PageID.21.)

Bentley challenged his resentencing on direct appeal. The Michigan Court of Appeals, among other rulings, found no error in the trial court's amendment of the judgment to clarify that Bentley's felony-firearm sentence ran consecutively to the other offenses and affirmed the sentence. *Bentley*, 2019 WL 2146232, at *3. The Michigan Supreme Court denied leave to appeal. (ECF Nos. 7-18, 7-19 (*People v. Bentley*, No. 340582, 2019 WL 2146232, at *1 (Mich. Ct. App. May 16, 2019) (per curiam), *appeal denied*, 953 N.W.2d 384 (Mich. 2021) (mem.)).)

Bentley then filed this habeas petition, again challenging his resentencing. (ECF No. 1.) His petition raises one claim—that his due process rights were violated when the trial court "sua sponte amended [his] sentence, which had the adverse effect of changing the felony firearm sentence from running concurrent to running consecutive." (*Id.* at PageID.3 (cleaned up).)

5

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), and 28 U.S.C. § 2254 in particular, "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Thus, if a claim was already "adjudicated on the merits in State court," this Court cannot grant relief on the basis of that claim unless the habeas petitioner "show[s] that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Richter*, 562 U.S. at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Therefore, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*

## III.

This habeas petition only involves the Michigan trial court's entry of an amended judgment in October 2017 after Bentley was re-sentenced on the murder conviction. The amended judgment, consistent with Bentley's original 1998 sentence, reflected that Bentley's felony-firearm sentence would run consecutive rather than concurrent to his other sentences. Bentley contends that "he was entitled to full and

6

fair opportunity of rebutting the information relied upon by the state trial judge." (ECF No. 1, PageID.10.) He "asserts that, since the state trial judge lacked authority, under a proper interpretation of the controlling law at the time, to, sua sponte, amend his sentence, a violation of due process has occurred." (*Id.*)

Bentley's judgment was amended pursuant to Michigan Court Rule 6.435(A). That rule provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it." Thus, although couched as a due process violation, Bentley's challenge to the state court's entry of the amended judgment under this rule rests, in essence, on state law and is therefore not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Thibodeau v. Artis*, No. 22-1806, 2022 U.S. App. LEXIS 34942, at *9 (6th Cir. Dec. 16, 2022) (concluding that petitioner's argument that the state trial court erred in denying his motion to correct his allegedly invalid sentence was "almost exclusively a state-law claim" that is "not cognizable in habeas proceedings"); *McAdoo v. Burton*, No. 15-12579, 2018 U.S. Dist. LEXIS 117937, at *37–38 (E.D. Mich. July 16, 2018) (explaining that petitioner's claim that the trial court erred in amending the judgment of sentence under Mich. Ct. R. 6.435(A) to correct a clerical error—the trial court's failure to indicate in writing that petitioner was being sentenced as a habitual offender—was "based on state law, and 'federal habeas corpus relief does not lie for errors of state law'" (citation omitted)).

7

But even construing Bentley's claim as asserting a federal due process violation, habeas relief is not warranted. Bentley is correct that a "fair sentencing procedure" is a component of his due process rights. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990)). But Michigan Court Rule 6.435 permits the *sua sponte* entry of an amended judgment to correct a clerical error. And "[i]t is not fundamentally unfair to obey valid state law." *Thibodeau*, 2022 U.S. App. LEXIS 34942, at *9–10.

Additionally, the Michigan Court of Appeals' conclusion that the amended judgment of sentence merely corrected a clerical error was reasonable.[1] More specifically, the appeals court found:

> At defendant's original sentencing in 1998, the trial court explicitly stated that the felony-firearm sentence was to be served before the sentences for his other two convictions. Defendant has long since served this two-year sentence. Although following resentencing the trial court failed to check the proper box in the judgment of sentence to indicate that the sentence was to be consecutive, when alerted by the Michigan Department of Corrections, the trial court corrected this clerical mistake on its own initiative, which was within its authority under MCR 6.435(A). *See People v. Comer*, 500 Mich. 278, 293, 901 N.W.2d 553 (2017) ("Under this subrule, a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered.").

*Bentley*, 2019 WL 2146232, at *3–4. This follows from the Michigan felony-firearm statute which provides that "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony

---

[1] Bentley's petition acknowledges that the Michigan Court of Appeals addressed his claim on the merits. (ECF No.1, PageID.8–9.) His reply brief, however, takes the opposite position and claims de novo review in warranted (ECF No. 8, PageID.2322). Here, the Court would reach the same result with or without AEDPA deference.

8

and shall be punished by imprisonment for 2 years." Mich. Comp. Laws § 750.227b(1). And this mandatory two-year prison term must be served consecutive to, and before, the sentence for the underlying felony conviction. *Id*. § 750.227b(3).

Thus, the trial court's failure to check the box for a consecutive sentence as required by Michigan law and to be consistent with Bentley's original sentence, thereby triggering the default for concurrent sentences, had to be a clerical error. In these circumstances, therefore, Bentley's due process rights were not violated when his judgment of sentence was amended without a hearing to correct this error. *See, e.g.*, *Baldridge v. Tanner*, No. 23-1039, 2023 U.S. App. LEXIS 25292, at *9 (6th Cir. Sept. 22, 2023) (denying certificate of appealability on petitioner's claim that the trial court erred by *sua sponte* correcting its sentencing judgment to include a habitual-offender designation where state court determined that petitioner was already sentenced as a habitual offender and the trial court only corrected a clerical error); *Burton*, 2018 U.S. Dist. LEXIS 117937, at *37–38 (finding no due process violation warranting habeas relief where petitioner's "actual sentences were not changed; rather, the court corrected a clerical error (the omission of the habitual-offender enhancement) that had accidentally made the sentences invalid").

Bentley challenges this conclusion by asserting that the state appellate court's decision is contrary to *Townsend v. Burke*, 334 U.S. 736 (1948) and "its progeny," which Bentley reads "as having clearly established the broader [due process] principle that he seeks here—namely, that he was entitled to full and fair opportunity of rebutting the information relied upon by the state trial judge." (ECF No. 1, PageID.9–

9

10.) But these were cases in which the trial courts relied on materially false or unreliable information in sentencing defendants. (*Id.*) They have nothing to do with *sua sponte* corrections of clerical errors in sentencing. Yet it is well established that "[b]efore a habeas petitioner can show that a state decision was 'contrary to' or an 'unreasonable application of' an asserted principle, the petitioner must identify the Supreme Court decision that 'clearly established' the principle." *Stewart v. Winn*, 967 F.3d 534, 537 (6th Cir. 2020) (rejecting petitioner's attempt to "pluck[] general statements out from the decisions to argue that due process bars 'fundamentally unfair' procedures"). Bentley has failed to do so. Thus, there is no basis to grant habeas relief on the single due process claim raised in his petition.[2]

### IV.

For these reasons, Bentley's habeas petition (ECF No. 1) is DENIED. And a certificate of appealability is DENIED because reasonable jurists would not debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate judgment will follow.

**IT IS SO ORDERED.**

Dated: December 27, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

---

[2] In his reply brief (ECF No. 8, PageID.2324–2325), Bentley impermissibly seeks to raise a new Fifth Amendment double jeopardy claim. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (explaining that arguments first presented in a reply are "not properly before the district court" and "the district court d[oes] not err in declining to address" them). The claim also lacks merit. *See Jones v. Winn*, No. 16-2688, 2017 WL 6048865, at *3 (6th Cir. May 26, 2017).